Turner, J.
 

 At the outset'of the case in the Court of Appeals, the appellant here (plaintiff in the trial
 
 *571
 
 court) questioned the jurisdiction of the Court of Appeals, on the ground that an order overruling a motion to discharge an attachment is not appealable.
 

 The Court of Appeals held that it did have jurisdiction, but, finding such conclusion to be in conflict with
 
 Rothman
 
 v.
 
 I. Seldin & Kneller, supra,
 
 and
 
 Holloway
 
 v.
 
 Mahoning Auto Service Co., supra,
 
 decided by Courts of Appeals of other districts, certified the instant case to this court.
 

 Section 6 of Article IV of the Ohio Constitution, in effect when the instant case was begun, provides in part as follows:
 

 “The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify * * * or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals within the district * *
 
 *.
 
 All laws now in farce, not inconsistent herewith, shall continue in force until amended or repealed * * V’
 

 Section 11864, General Code, provides as follows:
 

 “A party to a suit affected by an order discharging or refusing to discharge an order of attachment, may appeal on questions of law to reverse, vacate, or modify it as in other cases; and the original action shall proceed to trial and judgment as though no appeal had been taken.”
 

 If the foregoing section was in force at the time of the commencement of the instant action and such section is not inconsistent with the foregoing constitutional provision, the Court of Appeals did have jurisdiction. Section 11864, General Code, was amended in April, 1935, as a part of the act to establish a simplified method of appellate procedure. (116 Ohio Laws, 104, 126.) Such section was an adaptation of an earlier section enacted in 77 Ohio Laws, 69, to fit into the then new appellate procedure.
 

 
 *572
 
 Prior to the amendment of Section 6 of Article IV of the Constitution (effective January 1, 1945), by which the words “final orders” were added after the word “judgments,” this court held in the case of
 
 Chandler & Taylor Co.
 
 v.
 
 Southern Pacific Co.,
 
 104 Ohio St., 188, 135 N. E., 620, that the term “judgments,” as used in the 1912 adoption of such Section 6, comprehended all decrees and final orders rendered by a court of competent jurisdiction and which determined the rights of the parties affected thereby.
 

 In the case of
 
 Young
 
 v.
 
 Gerdes,
 
 42 Ohio St., 102, it was held: •
 

 “1. An order of a justice of the peace overruling a motion to discharge an attachment, is reviewable on error as a final order, independent of the action in which the attachment issued.”
 

 In the course of the
 
 per curiam
 
 opinion it was said:
 

 •“This [attachment proceeding] was an ancillary proceeding to the cause of action afterwards heard upon its merits, and it was not necessary to the rendition of final judgment upon the cause of action that the justice should again hear and determine the grounds for the attachment.”
 

 In the case of
 
 Oil Well Supply Co.
 
 v.
 
 Koen,
 
 64 Ohio St., 422, 60 N. E., 603, it was held:
 

 “2. An action to enforce the collection of a debt by attachment of the property of a nonresident of this state who has not been summoned nor entered his appearance, is essentially a proceeding
 
 in rem;
 
 and the judgment rendered therein can have no effect beyond the appropriation of the attached property to the satisfaction of the debt and costs.
 

 “3. In such action no valid judgment
 
 in personam
 
 can be rendered, on which an execution can issue for •the collection of any balance remaining unpaid on the debt after exhausting the attached property; nor which can operate as a bar to a subsequent suit for the collec
 
 *573
 
 tion of such balance, although service was made by publication in conformity with the statute.”
 

 As Galsworthy, Inc., (the defendant in the trial court) had not been summoned and had not entered a general appearance, the case remained one
 
 in rem.
 
 Therefore, the phrase in Section 11864, General Code, “and the original action shall proceed to trial and judgment as though no appeal had been taken,” has no application in the instant case. That phrase applies only to cases in which a personal judgment may be taken.
 

 The insant case being
 
 in rem
 
 the determination of the question whether the. attachment should be dissolved constitutes a final disposition of the case and substantially affects the party against whom the ruling was made. Here we have a stronger case for a “final order” than the case of
 
 Young
 
 v.
 
 Gerdes, supra,
 
 where this court held that case could proceed upon its merits independent of the disposition on error of the attachment proceedings.
 

 In the absence of the reversal of the final order refusing to dissolve the attachment, the defendant’s goods would'be sold and the proceeds applied to plaintiff’s claim. This would end that case. Can it be doubted that a final' order was made when the trial court overruled defendant’s motion to dissolve the attachment. Without the entry of appearance by defendant, which appearance would change an action
 
 in rem
 
 to one
 
 in personam,
 
 defendant would be denied the right to question the proceeding whereby its property had been seized.
 

 That an attachment proceeding in an action
 
 in personam
 
 is a separate or ancillary proceeding is clear. That an attachment proceeding in an action
 
 in rem
 
 is
 
 the
 
 action is also clear.
 

 It follows that the decision on the motion to dissolve
 
 *574
 
 the attachment, as well as on motion to quash service, is a final order and as such appealable.
 

 We have not discussed Section 12223-2, General Code, which defines a final order, for the reason that it is a general provision, whereas Section 11864, General Code, is a special provision relative to attachment only. Both sections were included as parts of the act to simplify appellate procedure (116 Ohio Laws, 105, 126).
 

 In'the course of the opinion in the case of
 
 Doll
 
 v.
 
 Burr,
 
 58 Ohio St., 113, 120, 50 N. E., 434, Judge Williams stated the general rule as follows:
 

 “In Endlich on the Interpretation of Statutes, section 216, the rule is stated to he, that: ‘where there are in one act, specific provisions relating to a particular subject, they must govern in respect to that subject, as against general provisions in other parts of the statute, although the latter, standing alone would be broad enough to include the subject to which the more particular relate.’ And, ‘if there are two acts, or two provisions of the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision.’ ”
 

 In the case of
 
 State, ex rel. Elliott Co.,
 
 v.
 
 Connar, Supt.,
 
 123 Ohio St., 310, 175 N. E., 200, it was held:
 

 “Special statutory provisions for particular cases operate as exceptions to general provisions which might otherwise include the particular cases and such cases are governed by the special provisions.”
 

 See, also, statement by Judge Matthias in
 
 Leach v. Collins,
 
 123 Ohio St., 530, 176 N. E., 77.
 

 
 *575
 
 The appeal referred to in one of the conflict cases contemplated a
 
 ele novo
 
 trial in the Common Pleas Court. Both of the conflict cases followed the case of
 
 Pullman Co.
 
 v.
 
 Automobile Ins. Co.,
 
 107 Ohio St., 283, 140 N. E., 355, decided March 13, 1923 (long prior to the enactment of the act to establish a simplified method of appellate review, 116 Ohio Laws, 104).
 

 It was held in the
 
 Pullman case:
 

 “In a proceeding in attachment in the Municipal Court of the city of Dayton, a motion to dissolve having been overruled, no appeal lies to the Court of Common Pleas of Montgomery county pursuant to Sections 10259 and 10260, General Code.”
 

 In the opening paragraph of the
 
 Pullman case
 
 opinion, Judge Day stated the question as follows:
 

 “Do the provisions of Sections 10259 and 10260, General Code, [procedure in justice’s court] apply to the Municipal Court of the city of Dayton? The answer to this question depends upon whether or not the Common Pleas Court of
 
 Montgomery county
 
 has been given by statute the power to hear matters on special appeal from the judgments of the Municipal Court of Dayton. The Common Pleas Court gets its jurisdiction from statutory enactment. Unless power can be found in the statutes to that effect, the question must be answered in the negative.” (Italics ours.)
 

 At the time of the decision of the
 
 Pullman case,
 
 Section 11864, General Code-, authorized the filing of a
 
 petition in error
 
 by a party affected by an order discharging or refusing to discharge an attachment (77 Ohio Law's, 69). The review sought in the
 
 Pullman case
 
 in the Court of Common Pleas was a
 
 de novo
 
 hearing.
 

 Therefore, Judge Day had no occasion to refer to Section 11864, General Code (77 Ohio Laws, 69), which provided for a review by petition in error.
 

 
 *576
 
 In the conflict case of
 
 Rothman
 
 v.
 
 I. Seldin & Kneller, supra,
 
 a petition in error had been filed in the Court of Appeals from the Municipal Court of Cleveland. In the course of the opinion, Judge Vickery said, at page 409: ‘ ‘ The only question that we really need to consider is whether the ruling of the court in overruling the motion was contrary to the weight of the testimony * * *.”
 

 After pointing out that an error proceeding to the Court of Appeals rather than an
 
 appeal
 
 to the Court of Common Pleas was invoved, Judge Vickery referred to the
 
 Pullman case, supra,
 
 where Judge Day “emphasizes the fact that an order overruling a motion to discharge an attachment is not a final order.” Judge Vickery then proceeded: “If this be the doctrine, then no error proceeding can be prosecuted * * *; [with the following ruling in conclusion] but we have treated the case as though it were properly in this court, and then have come to the conclusion that the judgment of the lower court is not so manifestly against the weight of the evidence that a reviewing court would be entitled to intervene. ’ ’
 

 The second conflict case,
 
 Holloway
 
 v.
 
 Mahoning Auto Service Co., supra,
 
 involved an order of a justice of the peace appealed to the Common Pleas Court and from the latter court to the Court of- Appeals by error proceeding. The Court of Appeals in dismissing the error proceeding professed to be following the
 
 Rothman case, supra,
 
 and the
 
 Pullman case, supra.
 

 No further discussion of the
 
 Pullman, Rothman
 
 and
 
 Holloway cases, supra,
 
 is necessary.
 

 In the case of
 
 Youngstown Municipal Ry. Co.
 
 v.
 
 City of Youngstown,
 
 147 Ohio St., 221, 70 N. E. (2d), 649, it was held:
 

 “1. Section 6 of Article IV of the Constitution of Ohio, as amended November. 7, 1944, empowers but
 
 *577
 
 does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.
 

 “2.
 
 Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted.”
 

 We are of the opinion that Section 11864, General Code, was in force at the time of the adoption of Section 6 of Article IV, supra, and is not inconsistent therewith. Therefore, the Court of Appeals was not in error in holding that it had jurisdiction of the instant case.
 

 Turning to the merits of - the case, we adopt the following statement of facts contained in the opinion-of the Court of Appeals.
 

 “The facts are that the petition with praecipe attached was duly filed in the clerk’s office. In addition to the usual wording of a praecipe for a summons, there was a direction to mail a copy of the petition to defendant at 414. Elizabeth avenue, Newark, .New Jersey. At some time after the praecipe was filed, an unidentified person drew a line in ink, extending* from the left-hand lower corner to the right-hand upper corner,, and then crossed this by an open loop at the end near the signature of the attorney and with the closed end at the upper left-hand corner. When the attorney filed the petition, a conversation took place between him and a deputy clerk concerning instructions to the sheriff and the attorney undoubtedly told the clerk that the defendant was a foreign corporation and could not be served in Hamilton county. This conclusion is in accord with all the evidence and is fortified by the fact that at the same time the petition was filed an affidavit in attachment was filed in which it was- averred that the defendant was a ‘foreign corporation, that said defendant is a nonresident of and is not domiciled in the state of Ohio.’
 
 *578
 
 The appearance docket shows that the affidavit in attachment was filed and on the same day a writ of attachment issued. There is no notation on the appearance docket of the filing of the praecipe for summons, or that a summons was issued. The evidence shows that a summons was prepared but never delivered to the sheriff. Apparently a't the time the summons was prepared by the clerk, he stamped on the petition the word ‘issued,’ twice, but any implication therefrom that a summons was delivered to the sheriff is contrary to the undisputed testimony of all the participants in the transaction. As the praecipe had no marks of cancellation or withdrawal superimposed on it at the time it was filed placing them thereon subsequently, no matter by whom, without the leave of the court would be ineffective to change the praecipe as originally filed.
 
 Rice & Co.
 
 v.
 
 Pike,
 
 117 Ohio St., 521. We, therefore, must consider that although the praecipe was filed, the summons prepared by the clerk, it was not delivered .to the sheriff.' Constructive service was not started until August 9th, 1946, when an affidavit was filed.. The affidavit in attachment was filed with the petition and the writ issued on the same day.
 

 “Did what was done constitute the commencement of the action at the time the petition was filed? If it did, the attachment is valid; otherwise not.”
 

 We agree with the Court of Appeals that the validity of the attachment depends upon'whether the action had been commenced when the attachment issued.
 

 The trial court found as a matter of fact that defendant did not enter its appearance.
 

 Section 11819, General Code, provides in part:
 

 “In a civil action for the recovery of money,
 
 at or after its commencement,
 
 the plaintiff may have an attachment against the property of the defendant upon
 
 *579
 
 any one of the grounds herein stated: * * *” (Italics ours.)
 

 Sections 11279 and 11280, General Code, provide the
 
 manner
 
 of commencing a civil action. Section 11279, General Code, provides:
 

 “A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.”
 

 Section 11280, General Code, provides:
 

 ‘ ‘ The plaintiff shall also file with the clerk of the' court a precipe, stating therein the names of the parties to the action; if it be for the recovery of money only, the amount for which judgment is asked; and demanding that a summons issue.”
 

 In the case of
 
 Crandall
 
 v.
 
 Irwin,
 
 139 Ohio St., 463, 40 N. E. (2d), 933, it was held in paragraph one of the syllabus:
 

 “Section 11279, General Code, prescribes the
 
 manner
 
 of commencing a civil action,
 
 i. e.,
 
 by filing in the office of the clerk of the proper court a petition and causing summons to be issued thereon.”
 

 Section 11230, General Code, is the section which defines
 
 when
 
 an action shall be deemed to be commenced as follows:
 

 “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made.”
 

 As no summons was issued or publication made at the time of the levy of the attachment, such attachment was void. The right to an attachment against the property of defendant is a statutory right and
 
 *580
 
 unless the conditions of the statute are complied with no right ripens thereunder.
 

 In the case of
 
 Seibert
 
 v.
 
 Switzer,
 
 35 Ohio St., 661, it was held in paragraph one of the syllabus;
 

 “An attachment, under the civil code, is an auxiliary proceeding in an action, which may be sued out by the plaintiff, at or after the commencement of such action, by filing a petition and causing a summons to issue thereon. ’ ’
 

 ' In the
 
 Crandall case, supra,
 
 we said of the
 
 Seibert
 
 v.
 
 Switzer
 
 case:
 

 “It will thus be seen that the question in that case was the
 
 manner
 
 of commencing an action. Time was involved only to the extent of showing that the plaintiff had gotten the cart before the horse,
 
 i.
 
 e., he had filed an auxiliary proceeding before commencing an action in the manner provided by statute. Of course, no jurisdiction could be obtained by attachment until plaintiff had followed the Statute as to the manner of commencing a civil action. ’ ’
 

 We are of the opinion that the Court of Appeals committed no error in the instant case .by holding that,as the attachment was levied before the action was legally commenced, the attachment was void and should be set aside. „
 

 The Court of Appeals did not pass upon the question of whether defendant, Galsworthy, Inc., had entered ,a general appearance, inasmuch as the acts claimed to be a general appearance took place some weeks after the writ of attachment was issued and could not operate retroactively to validate it.
 

 Our foregoing holdings effectively dispose of appellant’s claims of error and show that the judgment of the Court of Appeals should be affirmed.
 

 The Court of Appeals held also that the affidavit for attachment was defective. Without discussion, we
 
 *581
 
 find no error in such holding. Paragraph two of the syllabus of
 
 Leavitt & Milroy CO.
 
 v.
 
 Rosenberg Brothers & Co.,
 
 83 Ohio St., 230, 93 N. E., 904, reads:
 

 .
 
 “2.
 
 In an affidavit for attachment under paragraph one of Section 5521, Revised Statutes, it is necessary to negative the exceptions in that paragraph.”
 

 See Sections 8625-17 and 11819, General Code.
 

 Wherefore the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.