Matthias, J.
 

 The question of law presented is whether an attachment issued against the property of a nonresident corporate defendant not qualified to do business in this state is premature if issued at the time the petition is filed and summons issued thereon but prior to the date of the first publication of notice in constructive service.
 

 In the consideration of this question the construction of certain pertinent statutes is necessarily in
 
 *376
 
 volved. The attachment herein is authorized by the provisions of Section 11819, General Code, which is, in part, as follows :
 

 “In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated:
 

 “1. Excepting foreign corporations which, by compliance with the law therefor, are exempted from attachment as such, that the defendant or one of several defendants is a foreign corporation.”
 

 The phrase,
 
 “at or after its commencement,’'
 
 is variously construed by the parties and, therefore, the determination of the meaning of those words is presented in this appeal. The defendant claims that the time of commencement of the action is determined by Sections 11230, 11231 and 11279, General Code.
 

 The pertinent parts of these sections are as follows : Section 11230. “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made.”
 

 Section 11231. “Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days.”
 

 It is to be noted that Sections 11230 and 11231, General Code, are in Part Third, Title IY, Division I, Chapter 2 relating to limitation of actions.
 

 Section 11279. “A civil action must be commenced by filing in the office of the clerk of the proper court
 
 *377
 
 a petition, and causing a summons to be issued thereon.”
 

 The plaintiff contends that the instant case is governed by the provisions of Sections 11279 and 11819, General Code,
 
 supra,
 
 and Section 11292, General Code, a part of which is as follows:
 

 “Service may be made by publication in any of the following eases:
 

 " *
 
 * *
 

 “7. In an action in which it is sought by a provisional remedy to take or to appropriate in any way property of the defendant, when the defendant is not a resident of this state or is a foreign corporation or his place of residence can not be ascertained * * *.”
 

 This question is not new in this state. It has been before this court in several cases, the first of which is
 
 Seibert
 
 v.
 
 Switzer,
 
 35 Ohio St., 661. In the
 
 Seibert case
 
 upon the filing of an affidavit and bond an order of attachment was issued at 11 a. m. on the day stated. The order of attachment was served and returned about 3 p. m. of the same day, but no petition was filed until about 6 p. m. of that day. This court held that the attachment was issued without authority of law on the ground that it was premature because of having been filed before the action was brought. After observing that no action was in fact commenced by filing a petition until several hours after the order of attachment was served and returned, the court, in the opinion, stated as follows:
 

 “The statute does not authorize an attachment except in an action, and the clerk of the court has no authority to issue the order of attachment until an action is brought, and the relation of plaintiff and defendant is established in the case.
 

 “An action is commenced or brought, within the meaning of Sections 192 and 193, by the filing of a pe
 
 *378
 
 titiou and causing a summons to issue thereon. Code, Section 55 [now Section 11279, General Code]. Until then there is no action in which an attachment can issue. It is a remedy auxiliary to an action for a money judgment. It is a writ in aid of the plaintiff, granted in certain cases before he could have execution. Without an action there is no foundation for this auxiliary proceeding * * *."
 

 In the case of
 
 Bacher
 
 v.
 
 Shawhan,
 
 41 Ohio St., 271, the opinion discloses a situation similar to that presented in the instant case. The following language from the opinion by Martin, J., is pertinent:
 

 “In August, 1879, Bacher sued Shawhan, a nonresident, in the Common Pleas [Court] of Wyandot County for money paid; and at the same time an order of attachment was issued and levied on the defendant’s land. The summons was returned ‘not found.’ In March, 1880, an affidavit for publication was made, and service by publication was in due course completed. In May, 1880, the defendant appearing for the special purpose moved to dismiss the action, which was sustained for want of jurisdiction. ’ ’
 

 It was argued in that case that the court had lost jurisdiction because the attempt to commence the action was not followed by service within 60 days as required by Section 4988, Revised Statutes (now Section 11231, General Code). It was held that under the provisions of Section 5560, Revised Statutes, found in the chapter on attachments (now Section 11860, General Code), the court was deemed to have acquired jurisdiction from the time of the issuance of the attachment and that a delay of eight months in completing constructive service thereafter instituted did not oust the court’s jurisdiction.
 

 The statutes of Ohio relating to attachment have been construed by the Supreme Court of the United
 
 *379
 
 States in the case of
 
 Rorick
 
 v.
 
 Devon Syndicate, Ltd.
 
 (May 22, 1939), 307 U. S., 299, 83 L. Ed., 1303, 59 S. Ct., 877. The situation presented in that case is identical with the one before the court in the instant case. The Supreme Court of the United States construed Section 11819, General Code, and decided that the words, “at or after its commencement,” as used therein, mean the commencement described in Section 11279, General Code, and not the commencement described in Section 11230, General Code. The court considered the Ohio cases above cited, referred particularly to
 
 Seibert
 
 v.
 
 Switzer, supra,
 
 and concluded that in view of the Ohio authorities “the attachments or garnishments secured in the state court were not premature or void because obtained prior to personal service or before the commencement of service by publication.” It is contended by the defendant, however, that the rule established in previous cases was modified by the decisions of this court in the cases of
 
 Crandall
 
 v.
 
 Irwin,
 
 139 Ohio St., 463, 40 N. E. (2d), 933, 139 A. L. R., 895, and
 
 Pilgrim Distributing Corp.
 
 v.
 
 Galsworthy, Inc.,
 
 148 Ohio St., 567, 76 N. E. (2d), 382. The
 
 Crandall case, supra,
 
 presented the question of whether a petition actually filed within the six-year limitation, but with no service of summons within a sixty-day period thereafter, was validly filed within the six-year period, and the case required the construction of Sections 11279, 11230 and 11231, General Code, for the purpose of determining that question. The distinction therein pointed out between those sections is entirely consistent with the previous decisions in the
 
 Rorick, Bacher
 
 and
 
 Seibert cases, supra.
 

 In the
 
 Pilgrim Distributing Corporation case, supra,
 
 the decisions in the
 
 Seibert
 
 and
 
 Crandall cases
 
 were specifically approved and followed and the principles therein set forth reaffirmed. The attachment in the
 
 Pilgrim Distributing Corporation case
 
 was held in
 
 *380
 
 valid only because at the time the petition was filed and the attachment issued no summons was issued and, therefore, the action was not “commenced” within the meaning of that term as used in Section 11279, General Code.
 

 In the instant case, both the Court of Common Pleas and the Court of Appeals found that the attachment was made in conformance with the applicable statutes and in accord with the previous decisions of this court and upheld the validity of the attachment.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hast, JJ., concur.