GIBSON, APPELLEE, *v.* SUMMERS CONSTRUCTION CO., APPELLANT.

(No. 23066—Decided May 19, 1954.)

*Mr. Ralph V. Greene,* for appellee.
*Mr. Paul Mancino,* for appellant.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Municipal Court of Euclid, Ohio. The action seeks to recover of the defendant $300.29 with interest, claimed to be due for installing plumbing in a house located in Willowick Village, Lake County, Ohio. The plaintiff lives in Willoughby, Ohio; the defendant, Summers Construction Company, through its statutory agent, Anthony J. Kaylauckas, was served at 382 Russell Court, Cleveland, Ohio.

The Euclid Municipal Court was created by Section 1901.01, Revised Code, wherein it is provided:

"There is hereby established a municipal court in each of the following municipal corporations * * *." followed by the names of 63 municipal corporations, including the municipal corporation of Euclid, Cuyahoga County, Ohio.

In the briefs it is stated that mail service was had on defendant in Cleveland. The record is completely silent on the question. The defendant, in all events, filed a motion to quash service on the ground that the court had no jurisdiction over the person of defendant and for the further reason that the defendant was not served within the territorial limits of the court. The court overruled the motion to quash service and authorized the defendant to plead further.

Thereafter, defendant filed a motion to make plaintiff's petition definite and certain, which was granted in part, and, after plaintiff filed an amended petition, the defendant again raised by answer the question of the jurisdiction of the court over the person of the defendant.

Upon trial, the court found for the plaintiff on the question of jurisdiction over the person of the defendant, on the authority of Section 1901.19, Revised Code, and also for the plaintiff on his claim against the defendant and entered judgment against the defendant in the sum of $300.29 with interest from the due date.

The only question raised in this court is the jurisdictional question. It is the claim of the defendant that in an action for money only, based on contract, the jurisdiction of the Euclid Municipal Court is limited to the territorial limits of the municipal corporation of Euclid. It is the claim of the plaintiff and it was the holding of the court that in such action the jurisdiction of the Euclid Municipal Court is county-wide.

The claim of the plaintiff that the defendant entered its appearance by filing a motion to make definite and certain, after its motion to quash had been overruled, is not well taken. Having been compelled to come within the jurisdiction by the court's ruling on the motion to quash and having saved the question by its answer, the record does not disclose under these circumstances that defendant voluntarily submitted to the

jurisdiction of the court, and upon the record that question is now before this court.

Section 1901.02, Revised Code, in part provides:

"The municipal courts, established by Section 1901.01 of the Revised Code, have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. Each of such courts shall be styled '..... Municipal Court,' inserting the name of the municipal corporation. The municipal courts also have jurisdiction as follows:

"The Alliance Municipal Court has jurisdiction within Lexington, Marlboro, Paris, and Washington Townships in Stark County.

"* * * *"

That part of Section 1901.02 omitted continues with a list of 38 municipal courts in addition to Alliance Municipal Court, granting to each jurisdiction in certain townships, and in some instances county-wide jurisdiction, in like manner as above set forth for the Alliance Municipal Court. Of the municipal courts established by Section 1901.01, Revised Code, six are located in municipal corporations in Cuyahoga County. They are Cleveland, Euclid, South Euclid, Parma, Lakewood, and Garfield Heights Municipal Courts. No one of these courts is in the list of municipal courts in Section 1901.02, Revised Code, wherein territorial jurisdiction outside the municipal corporation is provided for. Under the provisions of this section the Euclid Municipal Court is granted jurisdiction only within the territorial limits of the municipal corporation of Euclid.

Section 1901.18, Revised Code, is styled and provides:

"Jurisdiction of subject matter.

"Subject to Section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory:

"(A) In any civil action, of whatever nature or remedy, wherein justices of the peace have jurisdiction;

"(B) In any action or proceeding at law for the recovery of money or personal property of which the Court of Common Pleas has jurisdiction;

"(C) In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto;

"(D) In any action or proceeding for the sale of personal property under chattel mortgage, lien, encumbrance, or other charge, for the foreclosure and marshalling of liens thereon and the rendering of personal judgment therein;

"(E) In any action or proceeding to enforce the collection of its own judgments, or the judgments rendered by any court within the territory to which such municipal court has succeeded, and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the municipal court;

"(F) In any action or proceeding in the nature of interpleader;

"(G) In any action of replevin;

"(H) In any action of forcible entry and detainer;

"(I) The Municipal Court of Cleveland shall also have jurisdiction within its territory * * * [then follow some special provisions for the Cleveland Municipal Court not important to this case]."

Section 1901.21, Revised Code, under the style, "Criminal and civil procedure," in part provides:

"In any civil case or proceeding if no special provision is made in Sections 1901.01 to 1901.38, inclusive,

of the Revised Code, the practice and procedure shall be the same as in Courts of Common Pleas. If no practice or procedure is provided for in the Courts of Common Pleas, then the practice or procedure of justice of the peace courts shall apply.''

Section 1901.22, Revised Code, dealing with the manner in which civil actions shall be commenced and matters of procedure in such cases, in part provides:

''(D) Whenever any property is seized or sought to be recovered in any action in a municipal court, the same shall be at once appraised. The value of such property may be ascertained by the oath of two disinterested freeholders who are residents of the territory of the court.''

Section 1901.23, Revised Code, provides in part:

''Writs and process in a municipal court shall be served, returned, and publication made in the manner provided for service, return, and publication of summons, writs and process in the Court of Common Pleas.

''In any civil action or proceeding at law in which the subject matter of the action or proceeding is located, within the territory, or a defendant resides or is served with summons within said territory, the court may issue summons, orders of interpleader, all other writs, and mesne and final process, including executions necessary or proper for the complete adjudication of the issues and determination of the action, to the bailiff for service in the county or counties in which the court is situated and to the sheriff of any other county against one or more of the remaining defendants.''

Here it is to be noted that the power of the court to issue summons outside its territory is limited before trial to cases in which property, which is the subject of the action, is within the territory and in cases where a defendant resides or is served within the territory.

Section 1901.24, Revised Code, dealing with "demand for jury trial; number required to concur in verdict," in part provides:

"* * * In any civil action where a jury is demanded, it shall be composed of six qualified electors * * *."

Section 1901.25, Revised Code, styled "Selection and empaneling of a jury," provides:

"A municipal court may provide by rule how jurors shall be chosen, and may provide that jurors to be used in said court may be chosen and summoned by the jury commissioners of the county as provided in Sections 2313.01 to 2313.26, inclusive, of the Revised Code. Selection shall be made from residents within the territory and those appearing to reside outside the territory shall be returned to the jury wheel. Jurors shall be impaneled in the same manner, shall have the same qualifications, shall be challenged for the same causes, and shall receive the same fees as jurors in the Court of Common Pleas. The fees of jurors in any criminal case involving the violation of state law shall be paid out of the county treasury, and in cases involving a violation of a municipal ordinance shall be paid out of the treasury of the municipal corporation."

From the foregoing sections and the whole chapter, wherein it is provided that a judge of a municipal court shall be a qualified elector and resident of the territory of the court (Section 1901.06, Revised Code) and elected by the electors of the territory, and that the number of judges shall depend on the population of the territory of the court, it is evident that in creating municipal courts they were established to administer justice within the territorial limits set out in the statute by which each court was created.

It is, however, claimed by the plaintiff that Section 1901.19, Revised Code, confers upon the Euclid Municipal Court county-wide jurisdiction in all actions for money only. It is claimed that, if a defendant can

be served within the county in an action for money only, even though no codefendant is served within its territory, such service confers and establishes the jurisdiction of the court over such person in such an action.

Section 1901.19, Revised Code, is styled "Jurisdictional powers" and provides:

"Subject to Section 1901.17 of the Revised Code, a municipal court has jurisdiction within the limits of the county or counties in which its territory is situated:

"(A) to compel attendance of witnesses in any pending action or proceeding, the same as the Court of Common Pleas;

"(B) To issue executions on its own judgments;

"(C) In any action or proceeding, whether legal or equitable, to enforce the collection of its own judgments;

"(D) In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or someone of the defendants resides or is served with summons within the territory;

"(E) In any civil action or proceeding of whatever nature or remedy wherein justices of the peace have jurisdiction coextensive with the county; and in all civil actions for the recovery of money only where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of the peace;

"(F) To issue and enforce any order of attachment;

"(G) In any action or proceeding in the nature of creditors' bills, and in aid of execution to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court;

"(H) In any action for injury to person or property caused by the negligent operation of a motor vehicle, as provided by Sections 2703.20 and 4515.01 of the Revised Code; .

"(I) The Municipal Court of Cleveland shall also have jurisdiction in all actions and proceedings in the nature of creditors' bills, and in aid of execution to subject the interests of a judgment debtor in real or personal property to the payment of a judgment of the municipal court and in such cases the court may proceed to marshal and foreclose all liens thereon irrespective of amount, and all rights, vested or contingent, therein.''

If we construe this section, particularly subdivision (E), with the rest of the Municipal Court Act, as contended for by plaintiff, there would be five separate municipal courts created and maintained by five separate municipal corporations at the taxpayers' expense, each of such municipal corporations having power to compel citizens of other municipal corporations within the county, no matter how far distant, to submit to the jurisdiction of such court in a civil action for money only, where the basis of such cause of action took place outside the territorial limits of such court and the defendant was served with process outside such territorial limits.

If a citizen of Warrensville Heights were involved, in an automobile collision in Bay Village, with a citizen living in North Olmsted, under plaintiff's theory the action could be brought in Euclid, the defendant served in North Olmsted, and, if a jury was demanded, the citizens of Euclid would be the only ones who could qualify for that service and upon whom the burden would fall to set in judgment on the rights of the contending parties. It would result in five separate and distinct courts uncorrelated in their rules, in widely separated parts of the county, with litigants vying with each other in attempting to fix the situs of the trial of their legal controversies to one of such litigant's advantage or to the other's unnecessary disadvantage or inconvenience. It certainly must be ser-

iously doubted that the Legislature intended any such grotesque result in passing the Uniform Municipal Court Act.

The Supreme Court of Ohio, in the case of *State* v. *Nickles*, 159 Ohio St., 353, 112 N. E. (2d), 531, by judicial interpretation brought two distinct sections of the Criminal Code into harmonious accord. The court said:

"1. In determining the intention of the General Assembly as to the meaning and operation of statutes, a court, if possible, should avoid absurd and grotesque results.

"2. Sections 13445-1 and 13459-4, General Code, are *in pari materia*, and where, in a criminal case, the trial court overrules a motion for a new trial filed by a convicted accused, the journalization of such overruling must be contemporaneous with or subsequent to the journalization of the judgment of sentence of such accused; any other journalization of the overruling is a nullity."

Subdivision (E) of Section 1901.19, Revised Code, which section is headed "Jurisdictional Powers" and which for the most part deals with trial practice and enforcement of judgments, provides that a municipal court has jurisdiction within the limits of the county or counties in which its territory is situated "(E) In any civil action or proceeding of whatever nature or remedy wherein justices of the peace have jurisdiction coextensive with the county; and in all civil actions for the recovery of money only where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of peace."

The plaintiff's interpretation of the subdivision puts it in direct conflict with Section 1901.02, Revised Code, wherein the court's jurisdiction is fixed within the limits of its territory, and Section 1901.18, Revised Code, defining the court's jurisdiction of subject matter with-

in the territory and in which subdivision (B) provides that its jurisdiction in such territory includes any action or proceeding at law for the recovery of money or personal property of which the Court of Common Pleas has jurisdiction.

Subdivision (E) of Section 1901.19, Revised Code, begins with conferring upon municipal courts the same county-wide jurisdiction of actions or proceedings and remedies as are conferred upon justices of the peace.

The county-wide jurisdiction of a justice of the peace is provided for in Section 1909.02 and Section 1909.06, Revised Code. These sections provide:

"Section 1909.02 Jurisdiction in particular.

"Justices of the peace, within and coextensive with their respective counties, have jurisdiction and authority to:

"(A) Administer an oath authorized or required by law to be administered;

"(B) Take acknowledgements of instruments of writing;

"(C) Solemnize marriages;

"(D) Issue subpoenas for witnesses and compel their attendance in causes or matters pending before them, or other cause or matter in which such justices are required to take depositions;

"(E) Try the action of forcible entry and detention or the detention only of real property, except that in Cuyahoga, Mahoning, and Franklin Counties jurisdiction and authority in such cases is limited to the township for which such justices are elected;

"(F) Proceed against security for costs and bail for the stay of execution on their dockets;

"(G) Issue attachments and proceed against the goods and effects of debtors in certain cases, except that in Cuyahoga, Mahoning, and Franklin Counties the jurisdiction and authority in such cases is coextensive only with the township for which such justice was

elected; when such justice has jurisdiction of the defendant because such defendant resides in the township for which such justice was elected, or because Section 1909.03 of the Revised Code is applicable, such justice's jurisdiction in attachment is coextensive with the county;

"(H) Issue execution on judgments rendered by such justices;

"(I) Proceed against constables failing to make return, making false return, or failing to pay over money collected on execution issued by such justices;

"(J) Try the right of the claimant to property taken in execution or attachment;

"(K) Try actions against other justices for refusing or neglecting to pay over moneys collected in their official capacity when the amount claimed does not exceed one hundred dollars. This division of this section does not deny or impair any remedy provided by law in such case by suit on the official bond of such justice of the peace, or by amercement or otherwise, for such neglect or failure to pay over money so collected."

"Section 1909.06 Action on bonds or undertakings.

"In actions founded upon a bond or undertaking, in any civil proceeding pending before a justice of the peace, such justice, or his successor in office, has jurisdiction coextensive with his county. When the sum due or demanded on such bond or undertaking exceeds one hundred dollars, the jurisdiction of such justice or successor is concurrent with the Court of Common Pleas of the county of such justice or successor."

There are, by the foregoing sections, three circumstances under which a justice of the peace has county-wide jurisdiction in actions for money only. First, a proceeding against a constable for failure to pay over money collected on execution; second, an action against a justice of the peace for monies which he has neglected to pay which were collected in his official capacity;

and, third, an action founded on a bond or undertaking in any civil proceeding pending before such justice. It was unquestionably the intention of the Legislature to confer upon a municipal court like jurisdiction in such actions for money only, without the monetary limitation of $300 placed upon justices of the peace by Section 1909.04, Revised Code. It attempts to correlate county-wide jurisdiction of municipal courts with justices of the peace. This is the extent of the meaning of this section.

It also must be observed that Section 1901.02, Revised Code, deals directly and specifically in fixing the jurisdiction of each of the courts within its respective territory, whereas Section 1901.19, Revised Code, is general in its application and, therefore, must give way where it comes in direct conflict with such special and specific provisions of the act.

In the case of *Pilgrim Distributing Corp.* v. *Galsworthy, Inc.*, 148 Ohio St., 567, 76 N. E. (2d), 382, the fourth paragraph of the syllabus provides:

''4. Where there are in one act specific provisions relating to a particular subject they must govern in respect of a particular subject as against general provisions in other parts of the act, although the latter standing alone would be broad enough to include the subject to which the more particular provisions relate. (*State, ex rel. Elliott Co.,* v. *Connar, Supt.*, 123 Ohio St., 310, approved and followed.''

For the reasons stated, we must conclude that it was the intention of the Legislature by the provisions of subdivision (E) of Section 1901.19, Revised Code, to confer on municipal courts only such county-wide jurisdiction in actions for money only as is conferred by law on justices of the peace, which does not include actions on contracts as pleaded by the plaintiff in this case, and, further, that, so far as Sections 1901.02 and 1901.19, Revised Code, are in direct conflict, the pro-

visions of Section 1901.02, being special and specific, must prevail in defining the limits of the jurisdiction of the Euclid Municipal Court.

The judgment of the Euclid Municipal Court is reversed and final judgment is entered for the defendant appellant.

*Judgment reversed.*

HURD, P. J., and KOVACHY, J., concur.