Matthias, J.
The immediate question presented by this appeal is whether the Court of Appeals erred in dismissing the appeal, on the ground that the action of the trial court, in finding the judgment in issue to be voidable rather than void and in refusing to vacate the sale made thereunder, is not a final order.
To determine this issue, we must consider, first, the nature of the defendants’ attack on said judgment and, second, the status of the judgment.
The plaintiff filed a petition to vacate the judgment, on the ground that it is void due to the failure of the service of process, and tendered an answer to the original cause. Although on its face this was an attempt to follow the statutory procedure for the vacation of judgments, it was in effect a direct attack on such judgment, on the ground that the court did not have jurisdiction, and that as a result the judgment is void ab initio.
Section 11631 et seq., General Code (Section 2325.01 et seq.. Revised Code), provide for the vacation and modification of judgments which are voidable, not those which are void ab initio, and, although this has the semblance of a statutory proceeding, its objective could have been accomplished by a motion to quash, and, the proceeding being a direct attack on the judgment, it was not necessary that the defendants tender an answer.
*64 As was held in Hayes v. Kentucky Joint Stock Land Bank, 125 Ohio St., 359, 181 N. E., 542:
“1. "Where a personal judgment is entered by default against a defendant upon a showing of service of summons upon such defendant by leaving an attested copy at the usual place of residence of such defendant, upon a petition being filed after term to vacate such judgment it is competent to contradict the record showing service and to prove that the place where the attested copy was left was not in fact defendant’s ‘usual place of residence.’
“2. Such challenge is a direct attack upon the judgment, and it is not necessary in such petition to plead or at the hearing to prove that defendant has a valid defense to the action.
“3. A petition praying the vacation of the judgment filed in the original action does not constitute an entry of appearance.”
It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without, proper service or entry of appearance is a nullity and void. Thus, an attack on a judgment on the ground that there was no service of process constitutes a direct attack on such judgment, rendering unnecessary the answer required under the statutes relating to the vacation of a judgment which is merely voidable. Thus, the tendering of the unnecessary answer did not constitute an entry of appearance so as to vest the court with jurisdiction over defendants in the original action. It is, of course, well settled that the filing of a petition to vacate does not constitute an entry of appearance. See the Hayes case, supra.
It is now necessary to consider the validity of the service in this case. Service was attempted by publication. The plaintiff complied with all requirements as to such service except the mailing of the publication and the entry thereof as required by Section 11294, General Code, which reads:
“When in a case in which service may be made by publication, the residence of the defendant is known, it must be stated in the publication. Immediately after the first publication,' the party making the service shall deliver copies thereof, with the proper postage, to the clerk of the court who shall mail a copy *65 to each defendant, directed to his place of residence named therein, and make an entry thereof on the appearance docket. In all other cases the party who makes the service, or his agent or attorney, before the hearing, must make and file an affidavit that the residence of the defendant is unknown and can not with reasonable diligence be ascertained.”
Although it is necessary to provide a method whereby persons having claims against nonresidents owning property in Ohio may enforce such claims, it is equally as important to protect the rights of the nonresidents, and, if at all possible, t© see that they are notified of any actions pending against them.
It is true that many actions are determined without the defendants having actual notice thereof, and such judgments may be valid; but it is equally true that it is necessary that the plaintiff in such an action strictly comply with the statutes providing for publication so that the nonresident defendant may, if possible, have actual notice of the proceeding against him.
The General Assembly, to safeguard the rights of nonresident defendants, has provided that where a defendant’s residence is known the plaintiff must mail a copy of the publication to him. This confers a substantial right on all nonresident defendants, and a compliance with such provision is mandatory since, if it were not followed, such defendants would in all probability acquire no knowledge of the proceedings against them.
Therefore, the failure of the plaintiff herein to send notice to the known address of the defendants was a failure to follow a mandatory requirement and resulted in a void service and a void, not voidable, judgment. The court acquired jurisdiction over neither the defendants nor their property.
Having determined that the service herein was defective and the judgment rendered thereupon void, we must now determine whether the trial court erred in not vacating the sale thereunder.
Courts are loath to disturb the title to real estate in the hands of third persons. Thus, in Moor v. Parsons, 98 Ohio St., 233, 120 N. E., 305, the court held:
“Where, in an action to foreclose a mortgage the record whereof shows the proceeding valid and regular in all respects, a defendant was served by publication in complete conformity *66 with the provisions of the statute applicable thereto, and the court found said defendant duly and legally served and in default, and, after finding the amount due on the mortgage claim, ordered said premises sold, and they were sold to a purchaser in good faith, the title so obtained will not be affected by an application of said defendant under favor of Section 11632, General Code. In that proceeding he cannot as against such purchaser assert the claim that he was in fact a resident of the state and by the exercise of due diligence could have been served with summons. ”
Here, however, we have an instance where the trial court found that service was defective and where it further appears that such defect was apparent from the face of the record.
In the opinion in Moor v. Parsons it is said:
“It is true that strict compliance must be had with the provisions of statute authorizing other than personal service, and such must affirmatively appear.” (Emphasis added.)
Thus, the instant case is clearly distinguishable on the facts from the Moor case, for there the record showed a complete compliance with the statutes as to constructive service, whereas here the record affirmatively shows that the statutes as to constructive service were not fully complied with, since there is no entry as required by Section 11294, General Code.
Although every effort is made to protect persons who purchase property at judicial sales, such a person must exercise reasonable diligence in determining whether the proceeding leading up to such sale was in all respects legal and proper, and where, as here, the record affirmatively shows that a necessary step was omitted in the service of process and the purchaser did not exercise a reasonable diligence, a court cannot protect such purchaser.
We come now to a consideration of the action of the trial court in this matter. A trial court has the power to suspend a default judgment and set the case for trial on its merits, where it has obtained jurisdiction by a proper service of process or there has been an entry of appearance by the defendant. Here, however, we have not the statutory proceeding to vacate a judgment, so that the defendants may appear and present their defense, but rather we have a direct attack on the judg *67 ment based on an alleged lack of jurisdiction due to a faulty service of process.
Our attention has been directed to certain early Ohio cases (Lessee of Paine v. Mooreland, 15 Ohio, 435, 45 Am. Dec., 585, and Lessee of Cochran’s Heirs v. Loring, 17 Ohio, 409) in which it was held that the process which invested the court with jurisdiction was the attachment itself, and that irregularities as to notice did not affect the validity of the judgment.
However, an examination of those cases shows that the attachments involved therein were of a nature completely different from that in our present ancillary proceeding. The attachments in the early cases proceeded under statutes for an attachment which was a completely independent action in rem. Those statutes (22 Ohio Laws, 145) provided in essence for an affidavit of attachment, a writ of attachment, a seizure of the property, a publication of notice, a filing of claims by the creditors and an eventual sale of the property. Thus we had in each of those cases an attachment which was a true action in rem, an independent action in which claims were adjudicated and rights determined.
Under our present law a completely different situation exists. An attachment today is not an independent action but one which is ancillary to a civil action for money.
Unlike the early attachment proceeding where notice of the attachment itself was issued, under our present law the only notice is that of the principal action and it is upon such notice, i. e., personal or constructive service of summons, that jurisdiction rests; and, even though, where the defendant is a nonresident, it is necessary that there be an attachment of property of the defendant in order to clothe the court with jurisdiction to render a judgment, the attachment is an ancillary proceeding and there must be a proper service of summons for the court to become invested with jurisdiction to make an order which will affect the attached res.
Nothing can be done to effect a sale of the attached property (barring perishable goods where the attached res will be destroyed unless there is an immediate sale) until judgment has been rendered in the principal action. See Section 11855, G-eneral Code (Section 2715.37, Revised Code).
*68 Our present-day attachment proceeding is actually only a means of securing the payment of any judgment which may be rendered in the principal action.
The nature of the action in which an attachment may issue is a civil action for the recovery of money, i. e., an action in and of itself personal in nature but which, where defendant is a nonresident owning property in this state, must be coupled with a proceeding historically an action in rem. The ancillary coupling of the attachment to such personal action does not change the nature of the principal action to one in rem but rather creates what may be called a quasi in rem proceeding, i. e., it is in form a personal action in which the plaintiff is limited in the amount of his recovery on the judgment to the proceeds of the sale of the attached res.
A question has been raised as to whether the jurisdiction of the trial court in the present case is affected by the fact that the plaintiff brought the property of the defendants before the court under an attachment.
Under the provisions of the Ohio statute, an attachment may issue at or after the commencement of an action for the recovery of money, where the defendant is a nonresident of the state. Section 11819, General Code (Section 2715.01, Revised Code). However, an attachment is a provisional remedy; an ancillary proceeding which must be appended to a principal action and whose very validity must necessarily depend upon the validity of the commencement of the principal action.
As to the commencement of actions, Section 11279, General Code (Section 2703.01, Revised Code), provides:
"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.” See, also, Consumers Plumbing & Heating Supply Co. v. Chicago Pottery Co., 155 Ohio St., 373, 98 N. E. (2d), 823, and cases cited therein.
However, even though an action is deemed commenced by the filing of the petition and issuance of summons, service must be completed for such action to continue to be valid. See Import Chemical Co. v. Forster & Gregory, Ltd., 172 App. Div., 406, 192 N. Y. Supp., 409.
*69 As to the completion of service by publication, Section 11296, General Code (Section 2703.18, Revised Code), provides:
“Service by publication shall be complete at the date of the last publication when made in the manner and for the time prescribed in the next four preceding sections [which deal with the procedure in service by publication]. Such service must be proved by affidavit.”
Thus it may be seen that, although in an action based upon constructive service an attachment may issue prior to the completion of service by publication, such attachment has only a tentative validity which ripens into a completely valid attachment when and if service is completed as provided by law. If, for any reason, such as defective service, the court is found wanting in jurisdiction in the principal action, then it follows that the attachment never attained more than a tentative validity and falls with the principal action.
The sole question before the trial court at the hearing on defendants’ petition was whether the judgment was void due to a lack of proper service. Thus, when the trial court determined that there was a defective service apparent on the face of the record, it found that defendants were never before it and that it never had jurisdiction in the action; and there was only one finding it could make — that such judgment was a nullity and void and that it and any proceedings taken thereunder should be vacated and held for naught. Since the sale of defendants’ property was based on the judgment and the judgment is void on the face of the record, the sale made thereunder is also void.
The effect of the attempt of the trial court to set the case for trial was an order that the defendants appear and defend, when they were not before the court, in an action in which the court had never obtained jurisdiction.
The failure of the trial court to find the judgment and the sale thereunder void ab initio and to order the vacation of both affected a substantial right of the defendants, since, even if the trial court should determine that the judgment is voidable and should be vacated, the provisions of Section 11633, General Code (Section 2325.03, Revised Code), dictate that, if the court finds that the property is in the hands of a bona fide purchaser, *70 the sale could not be set aside and the owners would have no remedy by which they could regain their property.
We find, therefore, that the original judgment and sale thereunder are void ah initio under the circumstances and for the reasons hereinbefore set out, and that the refusal of the trial court to so hold constitutes a final appealable order.
It follows that the Court of Appeals erred in dismissing the appeal on the ground that the order appealed from is not a final order. Accordingly, the judgment of that court is reversed and the cause remanded thereto for further proceedings in accordance herewith.

Judgment reversed and ca/wse remanded.

Weygandt, C. J., Hart, Stewart and Bell, JJ., concur.