Taet, J.,
dissenting. Unlike in Lenz v. Frank, Treas., 152 Ohio St., 153, 87 N. E. (2d), 578, court records, which the defendant Dougherty (the present holder of title to the real estate attached and sold in the instant case, who is herein referred to as the purchasing defendant) had an opportunity to examine, did not disclose what the statute required those records to disclose with regard to service by publication, i. e., a notation relative to mailing of a marked copy of the publication to the defendants Snader, who are herein referred to as the judgment debtors. Hence, it may be that the purchasing defendant would not be entitled as “a purchaser in good faith” to the protection provided for in Section 11633, General Code (now Section 2325.03, Revised Code). However, unless the judgment in the instant case is void, then the provisions of Section 11632 et seq., General Code (now Section 2325.02 et seq., Revised Code), limited the rights of the judgment defendants in attacking that judgment, and the Common Pleas Court was correct in holding that that judgment and the sale of the real estate pursuant thereto were “not void but voidable only.”
Pursuant to that holding of the Common Pleas Court, the judgment defendants will have an opportunity to establish that they had a valid defense to the action and, if successful, to have the judgment vacated. Section 11637, General Code (now Sec *71 tion 2325.07, Revised Code). If, because of notice from the record, the purchasing defendant is not “a purchaser in good faith,” then his title may “be affected by” such vacation of the judgment. However, if the judgment defendants are unable to establish that they had such a defense, then it will be unnecessary to disturb the title of the purchasing defendant and conduct another sale of the attached property, as it would have been if the judgment were held to be void.
In my opinion, decisions of this court have heretofore established the following propositions of law:
1. An action based upon an attachment (such as this action) is an action in rem. Lessee of Paine v. Mooreland, 15 Ohio, 435, 45 Am. Dec., 585; Oil Well Supply Co. v. Koen, 64 Ohio St., 422, 60 N. E., 603; Pilgrim Distributing Corp. v. Galsworthy, Inc. (paragraph five of syllabus), 148 Ohio St., 567, 76 N. E. (2d), 382. See Lessee of Cochran’s Heirs v. Loring, 17 Ohio, 409.
2. In such an in rem action, the court acquires jurisdiction over the res by a valid levy by the sheriff of a writ of attachment on the real or personal property which constitutes the res. Lessee of Paine v. Mooreland, supra. See Lessee of Cochran’s Heirs v. Loring, supra; Consumers Plumbing & Heating Supply Co. v. Chicago Pottery Co., 155 Ohio St., 373, 378, 98 N. E. (2d), 823.
3. If the proceedings down to and including that levy are complete and regular (as in the instant case), then the court has jurisdiction and any defects with regard to notice to the defendant (following such levy) result in the action of the court being only voidable and not void. Lessee of Paine v. Mooreland, supra; Sheldon’s Lessee v. Newton, 3 Ohio St., 494, 504; Benson v. Cilley, 8 Ohio St., 604. See Lessee of Cochran’s Heirs v. Loring, supra.
4. The foregoing propositions of law constitute rules of property upon which those buying real estate have heretofore relied; and such rules of property should not therefore be disturbed by this court without some very compelling reason. See Benson v. Cilley, supra.
In the leading case of Lessee of Paine v. Mooreland, supra, it is said in the court’s opinion by Read, J.:
*72 “Are the proceedings in attachment void? It is contended they are void because no notice of the pendency of the attachment was given, as required by the statute. If the jurisdiction of the court once attached subsequent irregularities would render the judgment voidable only; and it would remain valid until reversed, and cannot be impeached collaterally.
“What then, gives the court jurisdiction in a proceeding in attachment? The filing of the proper affidavit, issuing the writ, and attaching the property. The moment the writ goes into the hands of the officer, he is authorized and required to seize the property. When this is done, the property is taken out of the possession of the debtor into the custody of the law. * * *
“* * * The process in attachment is the writ authorizing and directing a seizure of the property. No process is issued against the person, because the proceeding is in rem. The statute, however, regards it but just that notice should be given to the debtor, not for the purpose of giving the court jurisdiction over the subject matter, but to permit the debtor to have an opportunity to protect his rights * * *.”
The holding in that case apparently is supported by the great weight of authority outside Ohio. Thus in an annotation entitled “Attack Upon Attachment After Judgment, Because .of Defects or Irregularities,” 129 A. L. R., 779, 780, 787, it is said:
“By way of a general rule it can be said only that whether or not jurisdiction over the person of the defendant was acquired through service of summons or voluntary appearance, collateral attack upon the attachment proceedings will ordinarily not be permitted on the basis of procedural defects.
( ( % # #
“In accordance with the apparent general policy of the courts to uphold attachment proceedings against collateral attack, it is held that failure of the notice to the defendant, of the institution of attachment proceedings, to conform absolutely to the statutory requirements does not render the proceeding void, but only voidable, and therefore not subject to collateral attack. ’ ’
The case of Hayes v. Kentucky Joint Stock Land Bank, 125 Ohio St., 359, 181 N. E. 542, cited in the majority opinion, *73 is of no help in solving the problem involved in this action in rem because the Hayes case involved only a judgment in personam. See Lenz v. Frank, supra (152 Ohio St., 153), 161.
In the majority opinion, an effort is made to distinguish Lessee of Paine v. Mooreland, supra (15 Ohio, 435), and Lessee of Cochran’s Heirs v. Loring, supra (17 Ohio, 409), on the ground that an attachment under our present statutes is not an independent action, as it was when those cases were decided, but is merely ancillary to a civil action for money. However, when the question arose recently under our present attachment statutes, this court recognized that “an action to enforce the collection of a debt by attachment of property of a nonresident of this state, who has not been summoned or has not entered his appearance, is essentially a proceeding in rem.” Paragraph five of syllabus in Pilgrim Distributing Corp. v. Galsworthy, Inc., supra (148 Ohio St., 567).
As recently stated in the opinion in Consumers Plumbing & Heating Supply Co. v. Chicago Pottery Co., supra (155 Ohio St., 373), 378, in reference to Bacher v. Shawhan, 41 Ohio St., 271: ‘‘The court was deemed to have acquired jurisdiction from the time of the issuance of the attachment.”
Even under the statutes in effect when Lessee of Paine v. Mooreland, supra, was decided, nothing could be done to effect a sale of the attached property (except with respect to perishable items) until judgment had been rendered. 22 Ohio Laws, 145, 150, Section 11.
As stated in the annotation at 129 A. L. R., 779:
“In a few states * * * attachment has in the past been an original process by which the action against the defendant was commenced. At the present time, however, attachment is only a provisional remedy, by which the property of the defendant is sought to be secured to answer for an obligation of the defendant sued upon in the main action. Jurisdiction of the defendant’s property, by attachment thereof, does not confer jurisdiction of the defendant so as to justify a general judgment against him. The main action is commenced by the summons, and it is the issuance and service thereof that gives the court jurisdiction to proceed and to render judgment where the defendant does not appear. Without such jurisdiction of the *74 defendant, the proceeding is one purely in rem, with jurisdiction limited to a judgment in the plaintiff’s favor to the amount of the property’s value. With jurisdiction of the defendant, the action becomes one also in personam * * (Emphasis added.)
The only other reason suggested in the majority opinion for departing from a decision such as Lessee of Paine v. More-land, supra, and from the other decisions of this court which followed it is the statement therein that ‘ ‘ even though an action is deemed commenced by the filing of the petition and issuance of summons, service must be completed for such action to continue to be valid.” The only authority referred to with respect to that reason represents a dictum of an intermediate appellate court of another state. As to actions purely in rem, the soundness of the conclusion involved in that statement was rejected by this court in the reasons advanced for its decisions in the Paine case and the cases which followed it. See Lessee of Cochran’s Heirs v. Loring, supra (17 Ohio, 409), 431; Sheldon’s Lessee v. Newton, supra (3 Ohio St., 494), 504; Benson v. Cilley, supra (8 Ohio St., 604), 614, 615. See also Consumers Plumbing & Heating Supply Co. v. Chicago Pottery Co., supra (155 Ohio St., 373), 378; Bacher v. Shawhan, supra (41 Ohio St., 271).