Weygandt, C. J.
 

 A study of the record discloses evidence that the plaintiff resided in her Huber street property until August, 1943. She was then 76 years of age, ill and bedridden. Under these circumstances she left the Huber street residence and went to live at the Stroman avenue address where she was cared for by a friend, Mrs. Lealier MeClung. That was over three years before the two tax foreclosure actions were instituted, and she has continued to reside at the latter address.
 

 The Court of Appeals held that the finding of the trial court was not against the weight of the evidence, and this court is not required to weigh the evidence.
 

 However, the defendants insist that, even though the plaintiff’s usual place of residence was not on Huber street, the trial court was without jurisdiction in the instant case to set aside the two foreclosure decrees and the deeds. It is contended that the plaintiff. has resorted to a collateral attack on the foreclosure decrees — a procedure the law does not permit.
 

 As already noted, it is the plaintiff’s contention that the foreclosure decrees are not merely voidable but
 
 void
 
 because she was not served with a summons. The trial court so held.
 

 Has the plaintiff mistaken her remedy? She insists that this is a
 
 direct
 
 attack on decrees that were nulli
 
 *155
 
 ties since service of summons was necessary in order to acquire jurisdiction, and this was lacking. This procedure has been approved by this court on numerous occasions, as is shown by the syllabus in the case of
 
 Kingsborough
 
 v.
 
 Tousley,
 
 56 Ohio St., 450, 47 N. E., 541, as follows:
 

 “1. In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment.
 

 “2. Such a defense is not within the rule which forbids the collateral impeachment of judgments, but is in the nature of a direct attack upon the judgment.
 

 “3. An answer in such case is not defective because it fails to state a defense to the cause of action on which the judgment is founded.”
 

 That decision was expressly approved and followed in the case of
 
 Hayes
 
 v.
 
 Kentucky Joint Stock Land Bank of Lexington,
 
 125 Ohio St., 359, 181 N. E., 542, in which the syllabus reads in part as follows:
 

 “1. Where a personal judgment is entered by default against a defendant upon a showing of service of summons upon such defendant by leaving an attested copy at the usual place of residence of such defendant, upon a petition being filed after term to vacate such judgment it is competent to contradict the record showing service and to prove that the place where the attested copy was left was not in fact defendant’s ‘usual place of residence.’
 

 “2. Such challenge is a direct attack upon the judgment, and it is not necessary in such petition to plead or at the hearing to prove that defendant has a valid defense to the action.”
 

 
 *156
 
 The defendants cite the case of
 
 Moor
 
 v.
 
 Parsons,
 
 98 Ohio St., 233, 120 N. E., 305. For several reasons that decision is inapplicable here. First in importance is the fact that, as observed in the opinion, the attack on the original judgment was
 
 collateral
 
 instead of direct. Second, that was a mortgage foreclosure and not a tax foreclosure. Third, the attack in that case was by a
 
 motion
 
 filed under favor of Section 11632, General Code, but in this case it was not. Hence, Section 11633, General Code, by its own terms, has no application here. Nor does Section 11702, General Code, apply, since it is limited to cases in which there is a reversal. Furthermore, the service of summons in the
 
 Moor case, supra,
 
 was by publication, and the defendant claimed merely that he was a resident of the state and could have been served otherwise. The service of summons by publication was ‘fin complete conformity with the provisions of the statute applicable thereto.” Then, too, in that case the property was in the hands of bona fide purchasers for nearly three years before the collateral attack was made. In the instant case the action was filed a month and a half after the sheriff’s deeds were delivered and two weeks after the plaintiff learned of the sale because of tax delinquencies of $28.11 on one lot and $125.76 on the other. The defendant Boyd purchased the two lots for a total of $276.05 although the plaintiff claims that their real value is not less than $2,500. Boyd soon resold the property for the latter sum to the defendant Copen who then resold it to the defendant Faulks for $3,800. The deed from Boyd to Copen was filed more than seven weeks after the instant action was instituted and pending; and approximately another month and a half had elapsed when the Faulks purchased the property. The trial court protected the rights of ail these parties by ordering that Boyd be refunded the
 
 *157
 
 .amount lie paid at tlie sheriff’s sale and that all the purchasers be permitted to recover for any permanent improvements made by them.
 

 This court is of the view that the Court of Appeals was not in error in affirming the'decree of the trial court which accomplishes a just result for all parties including the plaintiff who is now 82 years of age and whose property was eventually resold for almost fourteen times the sum for which it was sold at the sheriff’s sale.
 

 Judgment affirmed.
 

 Hart, Zimmerman, Stewart and Turner, JJ., concur.