Taft, J.
 

 Provisions for a supplemental petition such as filed by plaintiff are made by Section 9510-4, General Code, which reads in part:
 

 “Upon the recovery of a final judgment against any * * * person * * * by any person * # * for loss or damage on account of bodily injury * * * f0r loss or damage to a person on account of bodily injury to his wife * * * if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor * * * shall be en
 
 *316
 
 titled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor * * * to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law. ’ ’
 

 Provisions for the kind of service of summons which plaintiff attempted to have made' upon her petition against defendant Miller are found in Section 6308-2, General Code, which reads:
 

 “Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of State of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.”
 

 The insurance company contends that the judgment against defendant Miller was void by reason of the fact that the copy of process mailed to the defendant
 
 *317
 
 was not “addressed to such defendant at his last known address” within the meaning of the words as used in the statute.
 

 It is the contention of plaintiff that, since this fact does not appear from the record of the court in that part of the case in which judgment was rendered against defendant and the invalidity of that judgment does not otherwise appear from the record, it cannot be successfully contended that the judgment is void. As plaintiff points out, the record in the instant case includes a finding by the trial court at the time the judgment was rendered against defendant Miller that defendant Miller had “been duly served with process according to law.” Plaintiff argues that whether he had been so served involved questions of fact to be determined by the trial court, and that, therefore, after such judgment, no evidence or facts contradicting such a finding in the record may be considered in an attack on or attempt to impeach that judgment.
 

 In support of this position, plaintiff relies upon the decision of this court in
 
 Hendershot
 
 v.
 
 Ferkel,
 
 144 Ohio St., 112, 56 N. E. (2d), 205. The first paragraph of the syllabus in that case reads:
 

 “In an action brought on a supplemental petition under Section 9510-4, General Code, by a judgment creditor against an insurance company, seeking to have the insurance money, provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, the insurance company may as a defense show that the judgment which is the foundation of the creditor’s action is void; but in the absence of fraud the
 
 invalidity of
 
 the
 
 judgment must appear from
 
 the
 
 record
 
 of the court in the case wherein the judgment was rendered
 
 and evidence contradicting such record is incompetent.'1
 
 ’ (Emphasis added.)
 

 
 *318
 
 On the other hand, the insurance company argues that the foregoing paragraph of the syllabus in the
 
 Bender shot case
 
 is in direct conflict with paragraph one of the syllabus in the subsequent case of
 
 Lenz
 
 v.
 
 Frank, Treas.,
 
 152 Ohio St., 153, 87 N. E. (2d), 578, which reads:
 

 “When a decree in a tax foreclosure suit is based on residence service alone and a deed is executed pursuant thereto, the decree and the deed may be set aside in a subsequent action in which it is alleged and proved that the
 
 decree
 
 is
 
 void for want of jurisdiction over
 
 the
 
 defendant’s person because
 
 the
 
 summ-ons
 
 was
 
 left at
 
 a
 
 place not in fact
 
 the
 
 defendant’s 1usual place of residence.’ ”
 
 (Emphasis added.)
 

 The writer of this opinion dissented from the judgment in the
 
 Lenz case.
 
 However, as pointed out in the dissenting opinion (152 Ohio St., 157), the judgment held void by the decision in the
 
 Lenz case
 
 did not impose any personal obligation on the defendant but dealt only with the title to and interests in real estate located within the jurisdiction of the court; and the holding that that judgment was void destroyed the rights of one who had subsequently purchased that real estate in good faith and in reasonable reliance on the record of the court rendering that judgment.
 

 In
 
 Hayes
 
 v.
 
 Kentucky Joint Stock Land Bank of Lexington,
 
 125 Ohio St., 359, 181 N. E., 542, paragraph one of the syllabus reads:
 

 “Where
 
 a
 
 personal judgment
 
 is entered by default against a defendant upon a showing of service of summons upon such defendant by leaving an attested copy at the usual place of residence of such defendant, upon a petition being filed after term to vacate such judgment it is
 
 competent to contradict
 
 the
 
 record showing service and
 
 to
 
 prove
 
 that the
 
 place where
 
 the attested
 
 copy
 
 was
 
 left ivas not in fact defendant’s ‘usual place of residence.’ ”
 
 (Emphasis added.)
 

 
 *319
 
 In
 
 Kingsborough
 
 v.
 
 Tousley,
 
 56 Ohio St., 450, 47 N. E., 541, paragraph one of the syllabus reads:
 

 “In
 
 an
 
 action on
 
 a
 
 personal judgment,
 
 whether rendered by a court of this state or elsewhere, it is
 
 competent to plead and prove in defense, though
 
 it be
 
 in contradiction of the record, that
 
 the
 
 defendant was not served with process,
 
 nor jurisdiction of his person otherwise obtained by the court rendering the judgment. ’ ’ (Emphasis added.)
 

 As to an action such as this in which the court seeks to impose a personal obligation on a defendant, the principles of law set forth in the foregoing paragraphs quoted from the syllabi in
 
 Hayes
 
 v.
 
 Kentucky Joint Stock Land Hank of Lexington, supra, Kingsborough
 
 v.
 
 Tousley, supra,
 
 and
 
 Lens
 
 v.
 
 Frank, supra,
 
 appear to be clearly in conflict with so much of paragraph one of the syllabus in
 
 Hendershot
 
 v.
 
 Ferkel, supra,
 
 as appears after the semicolon.
 

 Either through an innocent mistake or because- of mere negligence in failing to learn the correct address of a defendant, a copy of process may be sent to such defendant at an address which he never had. Where jurisdiction of his person is necessary, as it is to justify rendition of a personal judgment against a defendant, can it be said that such defendant cannot offer evidence to show that he did not receive the copy of the process and that he never had the address to which it was sent?
 

 We are of the opinion that, in an action brought on a supplemental petition pursuant to Section 9510-4, General Code, the insurance company may, as a defense, show that the judgment, which is the foundation of the judgment creditor’s action, is void; and that, where it appears that such judgment is based upon service made pursuant to Section 6308-2, General Cede, and that jurisdiction of the person of the judgment
 
 *320
 
 debtor was not otherwise obtained by the court, such judgment may be shown to .be void by proving that the copy of process was not sent to such judgment debtor “at his last known address,” even though such proof contradicts the record. W e believe that a refusal to permit such proof because it did contradict the record would be to disregard the warning quoted with approval by Mr. Chief Justice Taft in
 
 Wuchter
 
 v.
 
 Pizzutti,
 
 276 U. S., 13, 72 L. Ed., 446, 48 S. Ct., 259, 57 A. L. R., 1230, from
 
 McDonald v. Mabee,
 
 243 U. S., 90, 91, 61 L. Ed., 608, 609, 37 S. Ct., 343, L. R. A. 1917 F., 458, that “in states bound together by a constitution and subject to the Fourteenth Amendment, great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact. ’ ’
 

 From the agreed statement of facts, it is clear that, after December 1, 1942, 391 Silver street, Akron, Ohio, was no longer the address of defendant Miller; that defendant Miller had “removed to Toledo”; that he was there in the employ of the Jewel Tea Company; and that, eight days before issuance of the alias summons, upon which the judgment in the instant case is based, plaintiff’s attorney recognized that defendant Miller did have an address “care of Jewel Tea Company, Toledo, Ohio.” If this was an address, within the meaning of Section 6308-2, General Code, then obviously 391 Silver street, Akron, Ohio, was not the ‘ ‘ last known address ’ ’ of defendant Miller at the time of issuance of the alias summons, upon which the judgment against defendant Miller was based.
 

 Plaintiff, argues, however, that
 
 the
 
 words “last known address” should be construed so as to include only a residence address.
 

 However, the statute specifies “address” not “residence” or “residence address.” For substituted serv
 
 *321
 
 ice within the state, Section 11286, General Code, specifies “residence.” Having used the word “residence” in Section 11286, General Code, relative to substituted service, it is obvious that if the General Assembly had intended to limit the word “address” in Section 6308-2, General Code, as plaintiff contends, the General Assembly would have said so.
 

 As stated on page 636 in the court’s opinion in
 
 State, ex rel. Nelson,
 
 v.
 
 Grimm, Judge,
 
 219 Wis., 630, 263 N. W., 583, 102 A. L. R., 220:
 

 “The statute does not use the word ‘residence’ but the word ‘ address. ’ Residence is therefore immaterial. One may reside at one place and have his mail addressed to another, in which case the latter is his post-office address. Or he may receive and accept mail at his residence and at his place of business and each will be his post-office address. Or he may have mail addressed to him at the place of business of a third person, and that place will be his post-office address. Or he may adopt a place of business of a third person as his place of address by receiving and accepting mail addressed there. ’ ’
 

 In support of his contention that the words “last known address” should be construed so as to include only a residence address, plaintiff cites
 
 Schilling
 
 v.
 
 Odlebak,
 
 177 Minn., 90, 224 N. W., 694;
 
 San Diego Savings Bank.
 
 v.
 
 Goodsell,
 
 137 Cal., 420, 426, 70 P., 299;
 
 Glenn
 
 v.
 
 Holub,
 
 36 F. Supp., 941; and
 
 Gregory
 
 v.
 
 United States,
 
 57 F. Supp., 962. We do not believe that any of those cases requires such a holding.
 

 In
 
 Schilling
 
 v.
 
 Odlebak, supra,
 
 it is stated in the opinion:
 

 “We construe the words ‘last known address’ as meaning the last known residence or place of abode.” While that statement tends to support plaintiff’s position, the actual decision of the court reversed an order
 
 *322
 
 which had denied defendant’s motion to set aside the service of summons. It would, therefore, appear that this remark of the court was obiter.
 

 In
 
 San Diego Savings Bank
 
 v.
 
 Goodsell, supra,
 
 the statute provided for a mailing “directed to the person to be served, at his place of residence.” The court’s order provided for a mailing “directed to each of the said persons at their several places of residence,” but the affidavit for substituted service stated that one of the defendants “resides out of the state
 
 * *
 
 *; her last known address being * * The court merely held “that where the plaintiff has by affidavit stated the ‘address’ of the defendant out of the state, and the court has accepted this statement as evidence of the residence, it is sufficient compliance with the statute. ’ ’
 

 From a reading of the opinion in
 
 Glenn
 
 v.
 
 Holub, supra,
 
 it appears that the statutory language there involved was “last known residence or place of abode” and not, as in Ohio, “last known address.” The court did refer to a statement from the opinion in
 
 Jones
 
 v.
 
 Paxton,
 
 27 F. (2d), 364, 365, to the effect that “the words ‘last known address’ are somewhat indefinite, but would seem to refer to the defendant’s last known residence or place of abode,” but observed that “this statement * * * was not made in deciding the question of what constituted ‘last known address,’ but was thrown into an opinion wherein ’ ’ another question was being discussed.
 

 Gregory
 
 v.
 
 United States, supra,
 
 involved the question as to whether the United States was liable because of
 
 negligence
 
 of the Commissioner of Internal Revenue in not mailing a deficiency notice to plaintiff’s “last known address ’ ’ within the meaning of a section of the Revenue Act of 1928. It does not appear to cast much light upon the construction which should be given to the words “last known address” in a statute such as Section 6308-2, General Code.
 

 
 *323
 
 The obvious purpose of providing, as Section 6308-2, General Code, does, for forwarding a copy of the process to the defendant “at his last known address” is to supply the requirements of due process recognized by the decision of
 
 Wuchter
 
 v.
 
 Pizzutti, supra,
 
 as necessary in order that there be a “reasonable probability that if the statutes are complied with, the defendant mil receive actual notice.” Where a defendant has had a business address at a time subsequent to leaving the last residence address which he had, it is certainly more probable that he will receive mail sent to such business address than it is that he will receive such mail sent to his former residence address.
 

 Generally, courts have required very strict compliance with statutory requirements such as Section 6308-2, General Code, relative to mailing a copy of process to a defendant at his “last known address.” Thus, in 5 American Jurisprudence, 831, Section 591, it is said:
 

 “Under a statute requiring a copy of the summons and complaint to be mailed to the nonresident defendant to his last known address, the address is not necessarily the last address known to the plaintiff; he is required at his peril to ascertain the last known address of the defendant as a matter of fact. The term Cast known address’ means the last address so far as it is reasonably possible to ascertain it. ’ ’ See, also, annotations in 138 A. L. R., 1464; 125 A. L. R., 457; 96 A. L. R., 594; and 82 A. L. R., 768.
 

 In its “finding” (see
 
 Harner
 
 v.
 
 Batdorf,
 
 35 Ohio St., 113, and Sections 11607 and 11421-2, General Code) the Municipal Court stated in part:
 

 “Such copy was mailed to the defendant Miller at his last known place of residence in the city of Akron, but it is apparent that he had a later address in the city of Toledo which address was known to the plain
 
 *324
 
 tiff. The court therefore cannot find that the statute was strictly complied with as required, and the court must therefore find that the judgment herein against the defendant Miller is not a valid judgment.”
 

 Our conclusion is that the Municipal Court was correct in finding that the copy of the process had not been sent to the “last known address” of defendant Miller, and that, therefore, the judgment against him was void. This makes it unnecessary to reconsider whether, as contended by appellant, the last sentence of Section 6308-2, General Code, by requiring the “return receipt of such defendant” as “a part of the return of service,” discloses a legislative intention that the copy of process mailed to a defendant must be actually received by him.
 

 The judgment of the Court of Appeals is reversed and that of the Municipal Court of Akron affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Stewart and F aught, JJ., concur.
 

 Matthias and Zimmerman, JJ., dissent.