45 N.J. Super. 259 (1957)
132 A.2d 550
STATE OF NEW JERSEY, BY GROVER C. RICHMAN, JR., ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
F.W. WOOLWORTH CO., A NEW YORK CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 4, 1957.
*260 Mr. Joseph Tomaselli, attorney specially appointed, argued the cause for plaintiff (Mr. Grover C. Richman, Jr., Attorney-General of State of New Jersey, attorney; Mr. Charles Kehoe, Deputy Attorney-General, also appeared for plaintiff).
Mr. Doane Twombly argued the cause for defendant (Mr. Harrison F. Durand, attorney).
SCHETTINO, J.S.C.
This action was commenced under N.J.S. 2A:37-29 et seq., known as the Custodial Escheat Act. The case has been submitted on stipulations of facts, memoranda of law and oral argument.
Plaintiff alleges that defendant has in its custody or possession moneys payable to various persons as dividends upon its capital stock having a situs within this State; that these moneys have remained unclaimed by the owners thereof for a period of five successive years; and demands judgment ordering defendant to deliver said moneys to the State Treasurer for safekeeping, together with a list of the individual amounts and the names and last known addresses of the persons entitled to such moneys.
As to these dividends defendant denies that it has in its custody or possession any dividends having a situs within this State which are subject to the provisions of said Custodial Escheat Act. The sole issue to be decided is whether unclaimed dividends on the capital stock of a foreign corporation authorized to do business in New Jersey payable *261 to stockholders whose last known addresses on the records of the corporation are in New Jersey, have a situs within this State and may, therefore, be taken into the protective custody of the State of New Jersey in accordance with the provisions of the Custodial Escheat Act.
The following facts are stipulated. Defendant F.W. Woolworth Co. is a corporation organized under the laws of the State of New York. Its statutory principal office is at Watertown, New York, and its principal business office is located in the Woolworth Building, New York City. Defendant is authorized to do business in the State of New Jersey, and does business in our State, operating 75 stores. All dividends are declared by its board of directors in New York and are paid by its dividend-paying agent, City Bank Farmers Trust Co., in New York City. This agent pays the dividends by drawing its own checks on the dividend account of defendant corporation with it and mailing the checks to the stockholders at their mailing addresses as shown by the records of defendant corporation. All balances in the dividend account of defendant corporation, representing dividend checks which have not been cashed, are kept by the dividend-paying agent for six years and then turned over to defendant corporation. These moneys are co-mingled by defendant corporation with its general funds.
Since 1912, when the first dividends were declared by defendant after its organization in 1911, and up to September 12, 1951 (five years prior to the service upon defendant of the order to show cause in this action), dividend checks in the aggregate of $889, mailed to stockholders having New Jersey mailing addresses on the records of defendant, have not been cashed and remain unclaimed. Defendant has no knowledge as to whether the addresses appearing on said list were the residences of the persons indicated, their places of business or other addresses, or whether such persons are alive and now living in New Jersey. These addresses were merely the last known mailing addresses of such persons for dividend-mailing purposes, as noted on the records of the defendant. These unclaimed dividends have not been *262 claimed by the State of New York, and the State of New York is not entitled to them under New York law.
Plaintiff concedes that under the Custodial Escheat Act, in order for the plaintiff to succeed, the court must first find that the unclaimed dividends, payable to persons whose last known addresses on the records of the corporation are in New Jersey, have a situs within the State of New Jersey.
N.J.S. 2A:37-30 provides in part as follows:
"* * * and whenever any person or any corporation organized under the laws of any other state and authorized to do business in this state shall have custody or possession of any moneys payable by such person or corporation to any person as wages earned within this state, or of any moneys otherwise having a situs within this state, which moneys are payable to any one person in any of the categories above enumerated and the owner of, beneficial owner of, or person entitled to the same has been and remains unknown for the period of 5 successive years, or the whereabouts of such person has been and remains unknown for the period of 5 successive years, or such personal property has been and remains unclaimed for the period of 5 successive years, then the superior court may in a summary action brought in the name of the state of New Jersey by the attorney general or such attorney-at-law as he may designate, direct the corporation or other person aforesaid to deliver such moneys to the state treasurer for safekeeping." (Italics ours)
Defendant contends that unclaimed dividends of the capital stock of a foreign corporation authorized to do business in New Jersey, payable to stockholders whose last known addresses as shown on the records of the corporation are in New Jersey, do not have a situs within New Jersey, citing State, by Van Riper v. American Sugar Refining Co., 20 N.J. 286 (1956).
In that case the State of New Jersey brought its action against defendant corporation, a corporation of New Jersey, for escheat of unclaimed dividends payable to stockholders whose last known addresses were in Massachusetts. The Commonwealth of Massachusetts intervened, claiming a prior right to the unclaimed dividends under its escheat statute held "for the benefit of a person residing or having a place of business" in Massachusetts. Our Supreme Court, reversing this court, held that New Jersey and not Massachusetts was *263 entitled to these unclaimed dividends. The Supreme Court decided that the claim of the State of New Jersey was superior to that of the Commonwealth of Massachusetts. The court recited a number of reasons: that as between the claims of one state against another, the incorporating state is preferred, that the state of incorporation is most intimately concerned with the relations between the corporation and its stockholders; and, additionally, such conclusions would eliminate possibility of multiple escheat, and minimize uncertainty and expense of collection.
Massachusetts based its claim on the contention that it was the domiciliary state of the owners of the unclaimed dividends whose last known addresses were in Massachusetts. Our Supreme Court rejected this argument on the ground that:
"The last known addresses which were recorded on the books of the corporation had little relation to domicile; as Judge Taft aptly remarked in Conner v. Miller, 154 Ohio St. 313, 96 N.E.2d 13 (Sup. Ct. 1950), a last known address may or may not have been a place of residence, let alone a place of domicile. See State v. Garford Trucking, Inc., 4 N.J. 346, 353 (1950); State v. Benny, 20 N.J. 238 (1955). * * * In any event it can hardly be said that there was any realistic showing that the interested stockholders were and are domiciled in Massachusetts." (20 N.J., at page 294)

* * * * * * * *
"The incontrovertible fact is that the only established connection between Massachusetts and the last known owners of the unclaimed dividends is that their last known mailing addresses, recorded many years ago on the books of the company, were somewhere in Massachusetts. Realistically viewed, that connection is hardly as significant as that of New Jersey, which as the state of incorporation, always has had the comprehensive power to deal in New Jersey with the relations between the corporation and its stockholders, both resident and non-resident." (20 N.J., at page 295, italics ours)
The italicized sentence indicates that the maxim mobilia sequunter personam in bona vacantia cases has not been rejected by our Supreme Court. I cannot agree with defendant's conclusion to the contrary. I find that these moneys come within the statutory phrase "or of any moneys otherwise having a situs within this state."
*264 This court in State v. American-Hawaiian Steamship Co., 29 N.J. Super. 116, at pages 135-136 (Ch. Div. 1953) stated, with reference to wages earned here in New Jersey and payable by a foreign corporation authorized to do business in our State:
"It is apparent that New Jersey is not the only state which has contact with the subject matter. The substance of defendants' position is that New Jersey's interest is not such as to exclude the authority of another state to escheat the same property and hence there looms the prospect of double escheat. In fact, New Jersey's claim ultimately to escheat wages earned elsewhere from its domestic corporations as well thus to escheat wages earned here from foreign corporations, postulates a like power in another state to escheat wages earned there from New Jersey corporations and wages earned here from corporations of that other state.
The United States Supreme Court has not yet formulated a test for determining the respective rights of several states where each has contact with the intangible and each is in a position to effect seizure by personal service of process upon the debtor within its jurisdiction. In Connecticut Mutual Life Insurance Co. v. Moore, 333 U.S. 541, 68 S.Ct. 682, 92 L.Ed. 863 (1948), it was held that New York could act with respect to proceeds of insurance policies issued by a foreign corporation for delivery in New York on lives of persons resident in New York at the time of delivery. And in the Standard Oil case [State, by Parsons v. Standard Oil Co.], [5 N.J. 281 (1950); affirmed 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951)] the possibility of a superior claim in another state was held not to invalidate the escheat by New Jersey. This seems necessarily to follow from the conclusion that although the debtor was entitled to the protection of the full faith and credit clause, yet another state was nonetheless free to assert its claim against the escheating state in the Federal Supreme Court. 341 U.S., at page 443, 71 S.Ct. 822, 95 L.Ed. 1078.
Hence New Jersey's right to escheat does not depend upon a nice weighing of the respective contacts of this and another state. New Jersey's contact being substantial, its power to escheat the property as against defendants seems clear, albeit that in a later proceeding between contending states superiority of claim may be found in another state.
Moreover, it cannot be assumed that a mere superiority of interest will carry an exclusive right to the property. The final solution may be an equitable pro-rating between or among the interested states. And further, it may be that the state which acts first will prevail. Unseemly as a race among states may be, it is not uncommon for the law to reward the vigilant and this rule may here apply even though its usual application occurs between private litigants. * * *
*265 This much seems clear. Abandoned property should be taken into custody, and for that purpose an interest which might fall before the superior claim of another state should suffice to justify seizure, particularly when, for all we know, the claim of such other state may prove to be but a phantom possibility and a failure by this State to act may mean a windfall to defendant companies."
These principles have like application to the dividend moneys at bar.
Here, we have no conflict between the States of New York and New Jersey. The State of New York presents no claim. The contest here is between the State of New Jersey and the corporation defendant who wants to hold onto something, admittedly belonging to others. In State, by Richman v. Sperry & Hutchinson Co., 23 N.J. 38 (1956) Mr. Justice Jacobs comprehensively summarized the legislative history of escheat and custody of unclaimed property. He points out these statutes are not to be strictly construed in favor of stakeholders  such as this defendant. See also State, by Richman v. Gallaher, 44 N.J. Super. 59 (Ch. Div. 1957). In State, by Van Riper v. American Sugar Refining Co., 20 N.J. 286, 297 (1956) the Supreme Court said:
"New Jersey's quest for legitimate revenues to be used for the good of all of its citizens is in nowise to be condemned and its right to the unclaimed dividends is admittedly superior to that of the corporation which had custody but no moral or legal claim to their retention."
See also "Escheat of Corporate Stocks and Dividends," 27 Ind. L.J. 113, 116, footnote 20 (1951), and "Disposition of Unclaimed Property  A Proposed Model Act," 46 Ill. L. Rev. 48 (1951).
Plaintiff is entitled to judgment.