Weygandt, C. J.
Tbe single question of law presented, to tbis court by tbe agreed statement of facts is whether a copy of tbe affidavit to obtain a mechanic’s lien was filed and then served on the defendants in conformity with tbe provisions of Sections 1311.07 and 1311.19, Revised Code.
*262 Section 1311.07, Revised Code, reads:
“Every person filing an affidavit, provided for in Section 1311.06 of the Revised Code, shall within 30 days after the filing thereof serve on the owner, part owner, or lessee of such premises or his agent, a copy thereof, but if none of snch persons can be found within the county where such premises are situated, then such copy shall be served by posting the same in some conspicuous place on said premises within 10 days after the expiration of said 30 days.”
Section 1311.19, Revised Code, reads as follows:
“Any notice, affidavit, or copy required to be served under Sections 1311.01 to 1311.68, inclusive, of the Revised Code, also may be served by the sheriff of the county within which the person sought to be served is resident, in the manner and form, and for which he shall be entitled to the fees provided for service of summons in a civil action for money only, or the same may be served by registered letter addressed to such person, and proof that such notice, affidavit, or copy was mailed by registered letter to the last known place of residence of such person, is conclusive proof of service. In any proceeding to enforce the lien granted under such sections service may be made by publication as in civil actions.”
Within 60 days of the furnishing of the last materials, the plaintiff duly filed its affidavit with the county recorder on November 5, 1957. Twenty-one days thereafter on November 26, 1957, the plaintiff by registered mail sent a copy of the affidavit to the defendants at their address last known to the plaintiff. However, unknown to the plaintiff, the defendants had moved on June 1, 1957. They resided temporarily at different places and were absent from the county from November 16 through the 18th and from November 21 through the 30th. They returned to Clyde the following day and occupied the property against which the lien is being asserted. After moving on June 1, they left no other mail address, and they did not receive their mail at any of their temporary residences but collected it through the general delivery with the single known exception of one letter which was forwarded but not addressed to them at Fremont. After returning to Clyde on December 1, they did not collect their mail until December 7. Hence, they received the copy of *263 the affidavit two days after the expiration of the statutory 30-day period.
In resolving the problem, the trial court reached the following conclusion:
“Without question, if the Pleisters had not been general delivery patrons of the Clyde post office, this registered letter would undoubtedly have been delivered to their actual residence at Camp Grand Motel, Clyde, Ohio, as set out in paragraph 5, subdivision (d), if not at the time of receipt at the post office, certainly some time between December 1st and December 5th, which was the last day provided for by statute for the giving of notice. However, did not the Clyde post office, which was the receiving office, become the agent of the Pleisters when they became general delivery patrons of said office? Unquestionably the mail that the Pleisters picked up on December 7, which included the registered mail letter involved in this cause along with other mail, was held by the Clyde post office at the direction and under the instructions of the Pleisters.
“Therefore, it is the conclusion of this court that the Clyde post office became the agent of the Pleisters in the matter of receiving mail. And it is the further conclusion of the court that altho the actual receipt of the registered letter by the Pleisters did not occur until December 7th, two days after the expiration of the 30-day statutory period, that this delivery was a substantial compliance with the law. And since they had actual notice of the filing of the lien, it would have served no purpose on the part of the plaintiff to post the notice required by Eevised Code Sec. 1311.07 within the 10 days after the expiration of the 30-day period. ’ ’
In addition to the cogent rationale of the trial court, it is important to observe that certain contentions are not in this case. It is not contended that the address employed by the plaintiff in mailing the copy of the affidavit was not the last, place of residence of the defendants known to the plaintiff; it is not urged that the defendants left any other residence address to which their mail could be sent; it is not asserted that the receipt of their mail by means of the general delivery was not within the control of the defendants alone; it is not denied that the plaintiff’s letter containing the copy of the affidavit was *264 received and held by the post office eight days before the expiration of the statutory 30-day period; it is not denied that after the defendants returned to Clyde they delayed six days before collecting their mail through the general delivery; nor is it denied that the defendants in fact received the copy of the affidavit in the mail they first collected after their return.
The defendants rely on the decision of this court in the case of Conner v. Miller, 154 Ohio St., 313. However, there are several clear distinctions between that case and this. That case involved different statutes and did not involve a mechanic’s lien. Furthermore, in that case the defendant did have a mail address at the place of business where he was employed. This is disclosed by the third paragraph of the syllabus which reads as follows:
“3. Where a defendant has had a known business address at a time subsequent to leaving the last known residence address which he had, a copy of process sent to that residence address and not received by such defendant is not sent to the ‘last known address’ of such defendant, within the meaning of Section 6308-2, General Code.”
Hence, a majority of this court is of the opinion that the judgments of the lower courts are correct.

Judgment affirmed.

Zimmerman, Taet, Bell and Radcliee, JJ., concur. Matthias and O’Neill, JJ., dissent.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.