Taft, J.
The affidavit submitted in support of defendant’s motion expressly negatived any authority of its “commission agent,” A. D. Daniel, to sign a warrant of attorney to confess a judgment. Attached thereto as an exhibit is a copy of a letter giving Daniel “authority to act as * * * commission agent to sign * * * agreements prepared by” plaintiff. ' Also attached to that affidavit as an exhibit is a copy of a prior agreement between plaintiff„and defendant, which is apparently referred to in that letter, providing that plaintiff had agreed “to finance portions of hay and straw purchase from farmers * * * by” defendant; that defendant agreed “to give chattel mortgage on all stored hay or straw # * # as security to loans”; and that plaintiff was “to be paid six per cent interest from date of loan until paid, plus $1.50 for collection of each * * * sight draft” plus certain other specified charges for “work involved in handling financing, plus any other cost involved.”
Nothing in this agreement or . letter purports to expressly *548 authorize Daniel to sign evidences of indebtedness, such as promissory notes, for defendant. Even if such authority could be implied from the words of the letter and of the agreement, there is nothing in either to support any reasonable inference that Daniel either had or was represented to have authority to sign any warrant of attorney to confess judgment against defendant.
Although an agent with authority to borrow money may have authority to do what is reasonably necessary to obtain that money, including authority to give negotiable instruments in the usual form where required, such authority alone will not support a reasonable inference of authority to give any warrant of attorney to confess judgment. Restatement of the Law of Agency (2d), Section 75, Comment b.
This court has often held that a warrant of attorney to confess judgment must be strictly construed. Lathrem v. Foreman (1958), 168 Ohio St., 186, 151 N. E. (2d), 905, 68 A. L. R. (2d), 1151; Haggard v. Shick (1949), 151 Ohio St., 535, 86 N. E. (2d), 785; Cushman v. Welsh (1869), 19 Ohio St., 536; Spence v. Emerine (1889), 46 Ohio St., 433, 21 N. E., 866, 15 Am. St. Rep., 634. See 30 American Jurisprudence, 270, Section 175. It would seem to follow as a corrolary that the authority of one to execute a warrant of attorney to confess judgment against another should not be recognized unless expressly conferred.
In our opinion, the evidence before the trial court on the motion, all of which is certified as being in the bill of exceptions, requires the conclusion as a matter of law that Daniel was not authorized to sign any warrant to confess judgment against defendant.
Where, as in the instant case, a judgment in personam has been rendered against a defendant who was not served with summons, who did not enter an appearance and who did not authorize anyone to enter an appearance for him, such judgment is void and may be attacked by motion either during or after term without following the procedure specified in our statutes for the vacation of judgments after term. Kingsborough v. Tousley (1897), 56 Ohio St., 450, 47 N. E., 541. See Hayes v. Kentucky Joint Stock Land Bank (1932), 125 Ohio St., *549 359, 181 N. E., 542. See also Lenz v. Frank, Treas. (1949), 152 Ohio St., 153, 161, 87 N. E. (2d), 578, 581; paragraph one of the syllabus of Lincoln Tavern, Inc., v. Snader (1956), 165 Ohio St., 61, 72, 133 N. E. (2d), 606, 614.
It follows that the judgments of the Court of Appeals and of the Common Pleas Court must be reversed and the cause is remanded to the Common Pleas Court with instructions to grant defendant’s motion to vacate the judgment.
Except for the amounts of the judgments involved, the facts and the proceedings and questions involved in cases Nos. 37031, 37032 and 37033 are the same as in ease No. 37030, so the judgments in those cases are the same as in case No. 37030.

Judgments reversed.

Zimmerman, Matthias, Bell and O’Neill, JJ., concur.
Weygandt, C. J., and Herbert, J., dissent.