631 P.2d 533

In the Matter of a 1977 MERCURY COUPE, I.D. # 7A93S623012, LICENSE NUMBER 300TMI (CA).

STATE of Arizona, Appellee,

v.

Raphal Juan GALLARZO, Appellant.

No. 15066.

Supreme Court of Arizona, In Banc.

July 10, 1981.

Henry J. Florence, Ltd. by Charles K. Ledsky, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This appeal concerns a 1977 Mercury coupe, forfeited to the State pursuant to A.R.S. § 36–1041 et seq. (now § 36–2544). Reversed and remanded.

On October 5, 1978, Raphal Juan Gallarzo was arrested for various violations of narcotic drug laws and his vehicle, a 1977 Mercury coupe, was seized. Subsequently, on October 24, 1978, the Arizona Department of Public Safety filed a "Notice of Seizure of Vehicle and Intention to Institute Forfeiture Proceedings" with the Clerk of the Superior Court of Maricopa County. Notice of the vehicle's seizure was sent by registered mail on October 24, 1978 to Liborio R. Varela, the vehicle's registered owner,[1] and was returned marked "addressee unknown."

---

1. This notice, which was sent to Varela at 10440 Paramount Blvd., Downey, CA 90241,

on November 14, 1978 to Raphal Juan Gallarzo, its purported owner. On December 18, 1978, the notice sent to Gallarzo at Calle Lilias # 10, Tijuana, Mexico, the address given by the arresting officers in their departmental report, was returned unclaimed. Notice of the seizure was also published in the November 21, 1978 issue of the Arizona Weekly Gazette. No further attempt was made to notify Gallarzo of the forfeiture proceeding, even though a bail release form giving his address as 644 Begonia St., Escondido, California was on file with the Clerk of the Court.

On February 5, 1979, Gallarzo filed an answer. Shortly thereafter, on February 22, 1979, the lower court granted the State's motion to strike the answer for the reason that it had not been filed within the twenty-day statutory time limit. See A.R.S. § 36–1044 (now § 36–2544). The lower court believed that the State was under no obligation to verify Gallarzo's address as given by the arresting officers in their departmental report, and that he should have inquired earlier regarding the disposition of his car since he knew that the car must be filed on within twenty days of its seizure. Judgment was entered forfeiting the Mercury coupe to the State.

Appellant argues that the State, in instituting the forfeiture, failed to comply with the applicable statutory notice provision, A.R.S. § 36–1043(2) (now § 36–2544), in that the State failed to provide him with such notice as would be reasonably calculated to inform him of the proceeding required by the due process clause of the Fourteenth Amendment, U.S.Const. amend. XIV.

A.R.S. § 36–1043(2) (now § 36–2544) requires that notice of proceedings for forfeiture be given "[to an owner or claimant] whose name and address are known by mailing a copy of the notice by registered mail to his last known address." The State

argues that it complied with this provision by mailing a copy of the notice of forfeiture to appellant at Calle Lilias # 10, Tijuana, Mexico, the address given by the arresting officers in their departmental report. It is also argued that when the notice was returned unclaimed, the State could effect service by publication under A.R.S. § 36–1043(3) (now § 36–2544).[2]

Appellant points out that the Tijuana, Mexico address was not his last known address; instead, his last address was in fact 644 Begonia Street, Escondido, California, the address given in his bail release form, and that since the State could have readily discovered the subsequent address, it was not entitled to rely on notice by publication.

There is some authority for the State's position that the notice sent to Tijuana, Mexico was sufficient. In *Kraft v. Bahr*, 256 Iowa 822, 128 N.W.2d 261 (1964), the Iowa Supreme Court held that the plaintiff complied with a statutory provision requiring that notice be sent to the defendant's "last known address" by sending the notice to the defendant at the address he gave to the investigating officer, even though he subsequently had moved. However, there is contrary precedent which we believe is the better interpretation of the statutory language "last known address."

In *Hartley v. Vitiello*, 113 Conn. 74, 154 A. 255, 258 (1931), it was held:

"The requirement that the copy be mailed to the defendant at his 'last known address' does not mean the last address known to the plaintiff, but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; *if he has disappeared, it means his last address so far as it is*

2. A.R.S. § 36–1043(3) (now § 36–2544) states that notice may be served upon "an owner or claimant whose address is unknown but who is believed to have an interest in the vehicle, by publication in one issue of a newspaper of

general circulation in the County where the seizure occurred, or if there is no such newspaper, then by publication in a newspaper of general circulation in Maricopa County."

*reasonably possible to ascertain it."* (Emphasis added.)

See also *Conner v. Miller*, 154 Ohio St. 313, 96 N.E.2d 13 (1950), and *Shanklin v. Bender*, 283 A.2d 651 (D.C.App.1971).

■ The interpretation we prefer requires the State to use reasonable diligence in ascertaining the last address of the claimant or owner. Such an interpretation is consistent with prior opinions of this Court construing similar statutory notice provisions as requiring that a party exercise due diligence in ascertaining an address before resorting to notice by publication. See *Wells v. Valley National Bank of Arizona*, 109 Ariz. 345, 347, 509 P.2d 615 (1973); *Lown v. Miranda*, 34 Ariz. 32, 276 P. 418 (1928).

Requiring the State in a forfeiture proceeding to exercise due diligence to ascertain the last address of the owner is consistent with the requirements of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In *Mullane* it was held that the due process clause of the United States Constitution demands that the notice given be that which is "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action." In forfeiture proceedings, this goal can be met by requiring the State to use reasonable diligence in ascertaining the last address of known claimants.

■ The facts of this case establish that possession of the 1977 Mercury automobile was taken from appellant at the time he was arrested and that the State proceeded against the vehicle at the same time appellant was criminally prosecuted. It is not unduly burdensome to require that the State examine the record in the related criminal proceeding to verify the claimant's last known address.

In *Robinson v. Hanrahan*, 409 U.S. 38, 40, 93 S.Ct. 30, 31, 34 L.Ed.2d 47 (1972), the State knew that the defendant was in the county jail awaiting trial on related criminal charges. It was held that a notice sent to the defendant's home address was not reasonably calculated to apprise him of the pendency of a forfeiture proceeding. In this case, the State knew that the appellant was subject to a bail release agreement restricting his right to leave the country. A notice sent to an address in Mexico was not reasonably calculated to advise him of the proceedings.

■ The State urges that since a proceeding for forfeiture is one which has traditionally been considered *in rem*, publication in the November 21, 1978 issue of the Arizona Weekly Gazette was sufficient to fulfill the requirements of due process. This notion, based on the premise that the requirements of due process differ depending upon whether a proceeding is classified as *in rem* or *in personam* is patently erroneous. In *Mullane*, supra at 339 U.S. 312, 70 S.Ct. 656, it was also held that since the requirements of due process do not depend upon whether an action is classified as *in rem* or *in personam*, appellant was entitled to such notice as was reasonably calculated to advise him of the proceeding. In *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) the Court observed that "Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best."

■ Finally, appellee argues, and the lower court so held, that appellant was not entitled to relief because he failed to inquire concerning the disposition of his vehicle. This was answered adversely to appellee in *City of New York v. New York, N.H. & H.R. Co.*, supra at 344 U.S. 293, 297, 73 S.Ct. 299, 301. There, the question was whether a reorganization of the railroad barred certain liens held by the City of New York on the railroad's property. The trustee in bankruptcy argued that even if the City had not received proper notice of the reorganization, the order barring the liens

should be sustained because the City had knowledge of the reorganization and had a duty to inquire concerning possible court orders limiting the time for filing claims. In rejecting this argument, the Court said: "[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." Appellant was under no duty to inquire if or when the State intended to institute forfeiture proceedings. It was the duty of the State to comply with the applicable statutory provision and provide him with the notice the law requires.

Reversed and remanded with directions for proceedings consistent with this opinion.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.